IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVIN L. BROWN JR., | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV217 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| ROBERT HOUSTON, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the court are Plaintiff's Motion for Partial Summary Judgment (Filing No. 54), Motions for Appointment of Counsel (Filing No. 56; Filing No. 58), and Motion to Extend Deadline for Filing Interrogatories to Defendants (Filing No. 59).

### *Motion for Partial Summary Judgment*

Plaintiff's Motion for Partial Summary Judgment (Filing No. 54) will be denied because Plaintiff (1) has failed to offer any evidence showing that he is entitled to judgment as a matter of law, Fed. R. Civ. P. 56; (2) has failed to support his motion with a separate statement of material facts to which he contends there is no genuine issue and that contains pinpoint references to affidavits, pleadings, discovery responses, deposition testimony, or other materials, NECivR 56.1(a) (failure to submit statement of facts and citations to record supporting factual allegations may be grounds to deny the motion); and (3) has filed a brief (Filing No. 55) in support of his Motion for Partial Summary Judgment that vaguely discusses the court's previous orders and asserts arguments against each of the affirmative defenses listed in Defendants' Answer, but does not discuss how he is entitled to judgment as a matter of law, NECivR 7.1(a)(1)(A) ("The brief must concisely state the reasons for the

motion and cite to supporting authority."); NEGenR 1.3(g) ("parties who proceed pro se are bound by and must comply with all local and federal procedural rules").

*Motions for Appointment of Counsel*

This case is still in its early stages, and it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. The facts underlying Plaintiff's claims are not complex, nor are the legal arguments regarding those claims. Further, Plaintiff has filed several pleadings, motions, and briefs with the court, indicating his basic ability to present his claims. Thus, Plaintiff's requests for the appointment of counsel will be denied without prejudice to reassertion. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Ward v. Smith*, 721 F.3d 940, 943 (8th Cir. 2013) (district court did not abuse its "considerable discretion" in denying inmate's motion for appointment of counsel in § 1983 action against correctional officers and nurse for excessive force and deliberate indifference to serious medical need; neither underlying facts nor legal arguments were so complex as to require appointment of counsel, and defendant's well-written filings with court indicated his basic ability to state claims); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)).

*Motion to Extend Deadline for Filing Interrogatories*

Due to a variety of institutional logistical issues that have allegedly affected Plaintiff's ability to access the prison law library, Plaintiff requests an undefined extension of the July 31, 2017, deadline to serve interrogatories (Filing No. 53). Although Plaintiff's motion was filed almost a month after the deadline in which to serve interrogatories, the motion will be granted upon Plaintiff's showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

IT IS ORDERED:

1. Plaintiff's Motion for Partial Summary Judgment (Filing No. 54) is denied;

2. Plaintiff's Motions for Appointment of Counsel (Filing No. 56; Filing No. 58) are denied without prejudice to reassertion; and

3. Plaintiff's Motion to Extend Deadline for Filing Interrogatories (Filing No. 59) is granted, and paragraph (1) of the Order Setting Schedule for Progression of Case (Filing No. 53) is amended to provide that the parties may serve interrogatories on or before **September 15, 2017**.

DATED this 28th day of August, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge